MEMORANDUM OF DECISION PLAINTIFF’S REQUEST FOR INJUNCTION

JANE W. FREEMAN, Judge.
After hearing held on the Request for Injunction, in which the Plaintiff requested the Court to halt the enactment of all punishment imposed by the Council of Elders (“COE”) in its “Good Standing” determination against him and to halt the “Good Standing” determination from being published to Tribal members (in the Wus-kuso, on the Tribal website and in any other Tribal communication), the Court finds as follows:
1) During the “Good Standing” proceedings, the Plaintiff was deprived of the opportunity to cross-examine witnesses, including the two persons who filed the “Good Standing” complaint, namely Tribal Chairman Boz-sum and Councilor Johnson, and he was also deprived of the opportunity to cross-examine other witnesses who testified at the “Good Standing” proceedings, namely Mr. Bunnell, Councilor Malerba and the Tribal Historian;
2) The right to cross-examine witnesses in a judicial or quasi-judicial proceeding has been recognized as an essential component of due process in both the Tribal and non-Tribal context. The Mashantucket Pequot Tribal Court has held in Grossi v. MPGE, 2 Mash.Rep. 314, 3 Mash. 59 (1998) (Shibles, C.J.) that the right of cross-examination is an essential element of due process in Board of Review proceedings before the Gaming Enter *234 prise and that this safeguard, that is the right to cross-examine witnesses, is critically important. The Gaming Disputes Court in Pineiro v. Office of the Director of Regulations, ] G.D.R. 43, 2 Am. Tribal Law 38(5 (191)9) (Ea-gan J.) is in accord with the fírossi case. While courts have held that due process is a flexible standard and calls for such procedural protections as the particular situation demands, this Court is not aware of any decision which has held that the right to cross-examine witnesses is not an essential component of due process in all quasi-judicial and judicial proceedings, nor have the Defendants provided the Court with any such ease;
3) The Plaintiff contends that he was not provided with a meaningful hearing before the COE, both before the three member panel and the entire COE, because he could not cross-examine witnesses, and therefore he claims he was denied due process under Art. XI, Section 1(h) of the Mohegan Constitution;
4) Article XI, Section 1(h) of the Mohegan Constitution is a statement of the provisions in the Indian Civil Rights Act in 25 USC Sec. 1302(8);
5) The Plaintiff has established the requisite standards for the issuance of a temporary injunction. He has established a probability of succeeding on the merits of his due process claim in connection with the procedures used in his “Good Standing” proceedings. He has established a significant threat of irreparable harm to his reputation if the decision is distributed to Tribal members. He has established that the injury that he is likely to sustain to his reputation if the temporary injunction is not granted, far outweighs any injuries claimed by the Defendants, that is the expectation that Tribal members know of the COE’s decision promptly or the claim that the normal processes of Tribal government will be interfered with. Since the website posting of the “Good Standing” decisions has only been implemented since April 2009, the Court does not see how it could interfere with the normal processes of government to restrain such posting nor does the Court believe that the Defendants will suffer any harm by a delay in implementing the provisions of the reprimand;
6)For the foregoing reasons it is hereby ORDERED as follows:
a) The Defendants shall remove from the Tribal website forthwith all materials posted concerning the COE’s decision on Plaintiffs “Good Standing”, including its determination, its Resolution and its reprimand, and neither Defendant shall hereafter post anything to the Tribal website, Talking Stick, concerning the COE’s “Good Standing” decision regarding the Plaintiff, including its determination, its Resolution and its reprimand, until further order of the Court; and the Defendants are further restrained from publishing anything in the Wuskuso or any other Tribal communication, whether it be a mass communication or an individual communication such as a letter, concerning the COE’s “Good Standing” decision regarding the Plaintiff, including its determination, its Resolution and its reprimand, until further order of the Court;
b) It is further ordered that a temporary injunction is issued restraining the COE, and the Tribe if ap- *235 plieable, from implementing any penalties arising from the COE’s “Good Standing” determination, Resolution and reprimand, including but not limited to any penalties in the reprimand against the Plaintiff in which the COE required him to write a letter of apology to Tribal members and banned him from attendance at Tribal meetings and functions, until further order of the Court;
c) The Coui’t finds that no bond should be required from the Plaintiff in connection with this temporary injunction;
d) To the extent that any planned publication in the Wuskuso or other Tribal written communication is already in process (such as submit-tal to the Wuskuso for publication), the Defendants shall take appropriate steps to stop such publication consistent with the Court’s order herein;
e) Because the Court does not have access to the Talking Stick, the Tribal website, counsel for the Defendants shall file with the Court written confirmation that all materials posted on such website concerning the COE’s decision on the “Good Standing” complaint against the Plaintiff have been removed and provide the date on which this was accomplished.
so Ordered.